IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VINCENT JAMES SANCHEZ,           :
    Plaintiff,              :
                              :
    v.                       :    CIVIL ACTION NO. 18-CV-3415
                              :
COT WALTON, *et al.*,            :
    Defendants.             :

## MEMORANDUM

JONES, J.                                                                           SEPTEMBER 27, 2018

Plaintiff Vincent James Sanchez, a prisoner at SCI-Phoenix proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 based on discipline he received while incarcerated. Sanchez seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Sanchez leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice to amendment.

### I.    FACTS

Sanchez contends that Correctional Officer Walton "was harassing [him] with no valid reason" and wrote him up for a "misconduct with false allegations." (Compl. ECF No. 2 at 7.)[1] It is not clear what Sanchez was charged with, but the Complaint implies that he may have been charged with threatening an officer. According to Sanchez, he filed a grievance after an officer (presumably Officer Walton) prevented him from talking to a Lieutenant. He was placed in segregation on the same day he filed the grievance. Sanchez indicates that he listed five witnesses on "an inmate version form" and adds that an interviewer "made it clear" that she would "take notice of one." (*Id.* at 8.) He also contends that he "did not get assistance from the

---

[1] The Court adopts the pagination assigned to Sanchez's Complaint by the CM-ECF system.

1

inmate [he] listed as assistance," and that the interviewer wanted to interview his cellmate "to prove [Sanchez] did not threaten the correctional officer in any way." (*Id.*) He next alleges, somewhat confusingly, that "[a]s a result it was also false and they did none of the such." (*Id.*) Ultimately, Sanchez was sentenced to ninety (90) days in segregation.

Sanchez alleges that, while in segregation, he was only given "one sheet, one pair of sock[s], one under-wear and no soap," and that he was not allowed to shower for seven days. (*Id.* at 8.) He also alleges that the misconduct he received could "immediately cause [him] to no longer be eligible for parole at his minimum date." (*Id.*) Sanchez also claims that he has "not been allowed nor able to access any law books or material to file any motions or research constitutional rights." (*Id.* at 9.)

Based on the above facts, Sanchez filed this lawsuit against Correctional Officer Walton and "SCI Phoenix Deputy Warden." He indicates that he is bringing procedural due process claims under the Fourteenth Amendment, as well as claims under the First and Fifth Amendments. Sanchez alleges that he has not suffered physical harm, but that his "mental issues are not properly met due to [his] PTSD and permanent brain damage." (*Id.* at 11.) As relief, he seeks to be able to take a polygraph test, as well as monetary damages and an order instructing that his misconduct will not affect his parole date.

## II. STANDARD OF REVIEW

The Court grants Sanchez leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this civil action.[2] As Sanchez is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to screen the Complaint and dismiss it if, among other things, it fails to state a claim. To survive dismissal,

---

[2] However, as Sanchez is a prisoner, he will be obligated to pay the fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Sanchez is proceeding *pro se*, the Court is obligated to construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Sanchez has failed to state a claim for the reasons discussed below.

### A. Claims Against SCI Phoenix Deputy Warden

Sanchez has not stated a claim against the SCI Phoenix Deputy Warden because it is not clear how the Deputy Warden was personally involved in any of the claimed constitutional violations. "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating

3

the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Here, the Complaint does not raise any allegations against the Deputy Warden reflecting how he was involved in any of the claimed constitutional violations, so Sanchez has not stated a claim against the Deputy Warden.

### B. Fifth Amendment Claims

The Fifth Amendment applies to the federal government. As none of the Defendants are federal actors, the Fifth Amendment is not implicated here. *See Mutschler v. SCI Albion CHCA Health Care*, 445 F. App'x 617, 621 (3d Cir. 2011) (per curiam) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)); *Basile v. Elizabethtown Area Sch. Dist.*, 61 F. Supp. 2d 392, 403 (E.D. Pa. 1999). Accordingly, there is no basis for a Fifth Amendment claim here.

### C. Fourteenth Amendment Due Process Claims

Sanchez also has not stated a due process claim under the Fourteenth Amendment, in part because his allegations are insufficiently developed and/or unclear. First, if Sanchez is alleging that the false misconduct affects his "good time credits" or the calculation of his sentence, his due process claims are barred because success on those claims would necessarily imply the invalidity of that calculation of his sentence. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[R]espondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Schreane v. Marr*, 722 F. App'x 160, 165 (3d Cir. 2018) (per curiam) ("Although Schreane does not specifically challenge the loss of his good-time credits, like the plaintiff in *Balisok*, a ruling that the disciplinary hearing officer was biased against Schreane or that he was prevented from presenting his defense would necessarily imply the invalidity of the lost time"). Instead, any challenge to the calculation of Sanchez's sentence

4

may only be pursued in federal court by filing a petition for a writ of *habeas corpus*. *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

To the extent his claims are not barred, Sanchez's allegations, in their current state, do not give rise to a claim. "[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest." *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 171 (3d Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). "[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest [for purpose of triggering due process protection]." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. 472 (1995))). Here, Sanchez's ninety (90) day confinement in segregation is insufficient to establish that he was deprived of a liberty interest for purposes of due process protection. *See Nifas v. Beard*, 374 F. App'x 241, 244 (3d Cir. 2010) (per curiam) ("[C]onfinement in AC for 178 days and a 90-day placement on the RRL does not amount to an 'atypical and significant hardship' when compared to the ordinary incidents of prison life, and thus, Nifas has no protected liberty interest."); *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (holding that "exposure to the conditions of administrative custody for periods as long as 15 months falls within the expected parameters of the sentence imposed [. . .] by a court of law" and does not constitute a due process violation (quotation omitted)).

That is so even coupled with Sanchez's allegations that, while in segregation, he was only given "one sheet, one pair of sock[s], one under-wear and no soap," and that he was not allowed to shower for seven days. (*See* Compl. at 8.)³ Furthermore, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), and the existence of a state parole system alone does not create a constitutionally protected interest. *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *see Rodgers v. Parole Agent SCI-Frackville*, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996) (noting that Pennsylvania's parole statute does not create a liberty interest in the right to be paroled). It is also unclear how, exactly, Sanchez's parole has been affected. *Cf. Iwanicki v Pennsylvania Dep't of Corr.*, 582 F. App'x 75, 82 (3d Cir. 2014) (per curiam) ("We agree with the Magistrate Judge that [plaintiff] failed to state a claim because the complaint is devoid of any detail or supporting facts regarding [plaintiff's] custody status or any parole decisions.").

---

³ If Sanchez is separately challenging these conditions under the Eighth Amendment, he has not clearly alleged how the Defendants are responsible for those conditions or established that they violate the Eighth Amendment. *See, e g., Ledcke v. Pennsylvania Dep't of Corr.*, 655 F. App'x 886, 889 (3d Cir. 2016) (per curiam) (affirming dismissal of Eighth Amendment claims "premised on (1) an approximate 24-hour period between August 9, 2010 and August 10, 2010 when he claims he was left in a filthy cell with no bedding, double-cuffed in the back, and (2) a 6-day period when he claims he was not permitted to shower or access hygiene products in a cell contaminated with various bodily fluids"); *Fortune v. Hamberger*, 379 F. App'x 116, 122 (3d Cir. 2010) (per curiam) (noting, where inmate alleged he was denied showers and exercise for fifteen days, that "we agree with the District Court that Fortune has not set forth facts demonstrating that the alleged denial of adequate showers and exercise during his brief stay in the RHU was sufficiently serious to deprive him of the 'minimal civilized measure of life's necessities'"). Notably, he has not alleged that he suffered any harm from the conditions identified in segregation. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.").

Additionally, "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." *Smith*, 293 F.3d at 654; *see also Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (per curiam) ("Due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports."). In other words, Sanchez cannot state a due process claim based solely on the filing of an allegedly false misconduct report. *See Smith*, 293 F.3d at 653; *see also Banks v. Rozum*, 639 F. App'x 778, 782 (3d Cir. 2016) (per curiam) ("[N]o due process violation arose from the misconduct charge that Banks received after prison officials said he had tampered with his radio, even though Banks alleges that the charge was based on false information"); *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (per curiam) ("With respect to Seville's claim that his due process rights were violated, the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process.").

Even if Sanchez could establish a sufficient liberty interest here, his due process claim is not clearly pled. Sanchez alludes to witnesses and an investigator but his allegations are confusing. It is not clear what process he received and what process he is claiming that he should have been afforded but was not. It is not even clear what the misconduct was for and the circumstances under which it came about. Accordingly, the Court will give Sanchez an opportunity to file an amended complaint to clarify those allegations.

### D. First Amendment Claims

It is not clear from the Complaint what Sanchez is raising as the basis for his First Amendment claim. He generally alleges that he was denied legal materials, but it is not clear how either of the named Defendants were personally involved in depriving him of legal materials

7

so as to state a claim against them. *See Jutrowski v. Twp. of Riverdale*, --- F.3d ---, No. 17-2594, 2018 WL 4443884, at *5 (3d Cir. Sept. 12, 2018) ("[T]he tenet that a defendant's § 1983 liability must be predicated on his direct and personal involvement in the alleged violation has deep historical roots in tort law principles."). It is also unclear what actual injury he suffered as a result of the denial of these materials. *See Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (explaining that a prisoner alleging denial of access to the courts must establish an actual injury, which "occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)); *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action).

It is also possible, though unclear, that Sanchez is asserting a retaliation claim against Correctional Officer Walton. "To establish a claim of retaliation, a prisoner must show: (1) that he was engaged in a constitutionally protected activity; (2) that he 'suffered some adverse action at the hands of the prison officials'; and (3) that the protected activity was 'a substantial or motivating factor' in the prison officials' decision to take the adverse action." *Jones v. Davidson*, 666 F. App'x 143, 148 (3d Cir. 2016) (per curiam) (quoting *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001) (internal quotations omitted)). Sanchez does not allege that he was retaliated against but, liberally construing the Complaint, it is possible that the timing of the grievance could give rise to a retaliation claim. Again, it is difficult to discern given the lack of detail in Sanchez's allegations. Accordingly, he may address any retaliation claim in an amended complaint.

## IV. CONCLUSION

The Court will dismiss the Complaint for the reasons above. The dismissal is without prejudice to Sanchez filing a *habeas corpus* petition pursuant to 28 U.S.C. § 2254 or an amended complaint, whichever is more appropriate based on the facts as they are known to him. An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II, J.