IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT JAMES SANCHEZ, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3415 |
| | : | |
| COT WALTON, | : | |
|     Defendant. | : | |

## MEMORANDUM

**JONES, J.**                                                                                                                                      **January 16, 2019**

Currently before the Court is an Amended Complaint filed by Plaintiff Vincent James Sanchez, a prisoner at SCI-Phoenix proceeding *pro se*, against Correctional Officer Walton, pursuant to 42 U.S.C. § 1983. (ECF No. 13.) For the following reasons, the Court will dismiss the Amended Complaint with the exception of Sanchez's retaliation claim.

### I.     FACTS AND PROCEDURAL HISTORY

Sanchez filed his initial Complaint against Officer Walton and "SCI Phoenix Deputy Warden" based on allegations that Walton was harassing him and wrote him up for a false misconduct. Although unclear, the Complaint suggested that Sanchez was charged with threatening an officer. Sanchez was sentenced to ninety days in segregation for the disciplinary infraction.

After granting Sanchez leave to proceed *in forma pauperis*, the Court screened Sanchez's Complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). First, the Court dismissed Sanchez's claims against the Deputy Warden because Sanchez failed to allege any facts explaining how the Deputy Warden was liable for any claimed constitutional violations. Second, the Court dismissed any Fifth Amendment claims because although Sanchez referred to the Fifth

1

Amendment, he did not bring any claims against federal actors. Third, the Court dismissed Sanchez's Fourteenth-Amendment due process claims. Regarding those claims, the Court explained that if Sanchez was alleging he lost good time credits, which was unclear, he was obligated to pursue his constitutional challenge in a *habeas* petition. If, however, Sanchez was not claiming a loss of good time credits, he failed to state a due process violation because his ninety-day confinement in segregation did not affect a liberty interest giving rise to due process protection.

In a footnote, the Court explained that if Sanchez was pursuing Eighth Amendment claims based on the conditions of his confinement, which was unclear, he failed to explain how the named Defendants were responsible for those conditions, allege any harm suffered as a result of the conditions, or plausibly allege an Eighth Amendment violation. The Court also concluded that, if Sanchez was attempting to raise First Amendment claims based on the denial of legal materials, he failed to allege an actual injury so as to state a claim that he was denied access to the courts. Finally, if Sanchez was attempting to raise a retaliation claim, that claim was not adequately pled in his Complaint.

Sanchez was given leave to file an amended complaint, which he did after having been granted an extension of time. The Amended Complaint names Correctional Officer Walton as the only Defendant. Sanchez alleges that he was a block worker who helped clean the floors on his block. On July 29, 2018, Walton was sitting on a desk as inmates were arriving. Sanchez asked Walton where he could find gloves so he could start cleaning, and Walton allegedly replied that she had gloves but "[did not] want [Sanchez] working today." (Am. Compl. at 12.)[1]

---

[1] The Court adopts the pagination assigned to the Amended Complaint by the CM-ECF docketing system.

When Sanchez asked why, Walton "made it clear to [him] that it was because [of] an argument she got into [with] another inmate the day before, and before breakfast." (*Id.*) Sanchez suggests that Walton associated him with the argument because he was standing next to the person with whom she was arguing. Sanchez requested and filed a grievance against Walton, noting that it was not the first time she "targeted" him. (*Id.*) Sanchez alleges that Walton then wrote him up for a false misconduct because of their disagreement and because he had filed a grievance. As a result of the misconduct, Sanchez was taken to "the hole that same night." (*Id.*)

Sanchez notes that, although the misconduct could possibly affect his minimum sentence in the future, he is not asking for a speedier release from imprisonment. According to Sanchez, he attended a meeting where he wrote down his version of events and completed a form identifying a witness. It appears that Sanchez's hearing was postponed so that authorities could interview the witness but that they did not do so because the witness "could not be found in the prison system." (*Id.* at 13.) Sanchez adds that "from administrator [he] received no protection from the abusive behavior that was caused by . . . Walton." (*Id.*) He also adds that, while in the hole, he was denied writing material to contact his family and lawyer, and that he is bringing Eighth Amendment claims because he was denied "clothing, hygiene products, etc. for 7 days." (*Id.* at 14.) Sanchez also contends that he was "being treated differently than others (prisoners) in the same status." (*Id.* at 13.) Sanchez indicates that he is raising First and Fourteenth Amendment claims based on the above facts. He does not specify any injuries sustained as a result of the claimed constitutional violations.

II. **STANDARD OF REVIEW**

As Sanchez is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to screen the Complaint and dismiss it if, among other things, it fails to

state a claim. To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Sanchez is proceeding *pro se*, the Court is obligated to construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III.    DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Liberally construing the Amended Complaint, the Court understands Sanchez to be pursuing the following claims: (1) a due process claim based on the misconduct Sanchez received; (2) a retaliation claim for having been given the misconduct after filing a grievance; (3) Eighth Amendment claims because Sanchez was denied hygiene products for seven days and phone calls to his family and attorney; (4) a First Amendment claim based on allegations that Sanchez was denied a phone call to his attorney; and (5) possibly an equal protection claim based on Sanchez's suggestion that he was treated differently than other inmates.[2] For the following reasons, the Court will dismiss Sanchez's clams with the exception of his retaliation claim, upon which Sanchez may proceed at this time.

**A. Due Process Claim**

Sanchez has again failed to state a due process claim under the Fourteenth Amendment. "[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings

---

[2] Sanchez claims that administrators failed to protect him from Walton's "abusive behavior." (Am. Compl. at 13.) However, Sanchez did not name any administrators as defendants in this case. In any event, Sanchez's allegation does not support a basis for a constitutional claim.

4

because the sanctions resulting from those hearings do not usually affect a protected liberty interest." *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 171 (3d Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). "[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest [for purpose of triggering due process protection]." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. 472 (1995))). Here, Sanchez's ninety (90) day confinement in segregation is insufficient to establish that he was deprived of a liberty interest. *See Nifas v. Beard*, 374 F. App'x 241, 244 (3d Cir. 2010) (per curiam) ("[C]onfinement in AC for 178 days and a 90-day placement on the RRL does not amount to an 'atypical and significant hardship' when compared to the ordinary incidents of prison life, and thus, Nifas has no protected liberty interest."); *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (holding that "exposure to the conditions of administrative custody for periods as long as 15 months falls within the expected parameters of the sentence imposed [. . .] by a court of law" and does not constitute a due process violation (quotation omitted)).

Additionally, "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." *Smith*, 293 F.3d at 654; *see also Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (per curiam) ("Due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports."). In other words, Sanchez cannot state a due process claim based solely on the filing of an allegedly false misconduct report. *See Smith*, 293 F.3d at 653; *see also Banks v. Rozum*, 639 F. App'x 778, 782 (3d Cir. 2016) (per curiam) ("[N]o due process violation arose from the misconduct charge that Banks received after prison officials said he had tampered with his radio, even though Banks alleges that the

5

charge was based on false information"); *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (per curiam) ("With respect to Seville's claim that his due process rights were violated, the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process."). Additionally, it appears that Sanchez was given at least some opportunity to dispute the charge and that his witness may not have been available because the witness was no longer present in the prison. Accordingly, the Court will dismiss Sanchez's due process claim.

### B. First Amendment Retaliation Claim

The Court understands Sanchez to be alleging that Walton retaliated against him for filing a grievance by issuing him a false misconduct. "To state a claim for retaliation, a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (2) 'he suffered some adverse action at the hands of prison officials,' and (3) 'his constitutionally protected conduct was a substantial or motivating factor in the decision' to take that action." *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (per curiam) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)) (internal quotations omitted). "Prison disciplinary proceedings may[] . . . constitute a denial of due process in the context of a civil rights action under § 1983 when they are instituted for the sole purpose of retaliating against an inmate for his/her exercise of a constitutional right." *Smith*, 293 F.3d at 653. Filing a grievance against prison officials constitutes protected conduct. *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

In light of Sanchez's allegation that Walton issued a false misconduct against him because he filed a grievance, Sanchez will be permitted to proceed on his retaliation claim at this time.

## C. Eighth Amendment Claims

The Court understands Sanchez to be raising Eighth Amendment claims based on his allegation that he was denied "clothing, hygiene products, etc. for 7 days."[3] (Am. Compl. at 14.) He also alleges that he was denied phone calls to his attorney and family.[4] Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." *Id.*

Although Sanchez alleges that Walton was responsible for issuing the misconduct that led to him being housed in the "hole," he does not allege that Walton denied him hygiene or other materials, or that she was otherwise responsible for any of the conditions there. In any event, Sanchez has not sufficiently alleged that his Eighth Amendment rights were violated by the

---

[3] In his initial Complaint, Sanchez indicates that he received a sheet, a pair of socks, and a pair of underwear. (Compl. at 8.)

[4] In the event Sanchez sought to raise a claim for denial of access to the courts based on his allegation that he was prevented from calling his attorney, his claim fails because he has not alleged any actual injury as a result of his inability to call his attorney on the occasion in question. *See Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (explaining that a prisoner alleging denial of access to the courts must establish an actual injury, which "occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Furthermore, the right to access the courts may be satisfied when a prisoner is represented by counsel. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)).

denial of clothing or hygiene products. *See, e.g.*, *Ledcke v. Pennsylvania Dep't of Corr.*, 655 F. App'x 886, 889 (3d Cir. 2016) (per curiam) (affirming dismissal of Eighth Amendment claims "premised on (1) an approximate 24-hour period between August 9, 2010 and August 10, 2010 when he claims he was left in a filthy cell with no bedding, double-cuffed in the back, and (2) a 6-day period when he claims he was not permitted to shower or access hygiene products in a cell contaminated with various bodily fluids"); *Adderly v. Ferrier*, 419 F. App'x 135, 139 (3d Cir. 2011) (finding no Eighth Amendment claim where "Adderly asserted that he was deprived of clothing, toiletries, legal mail, a pillow, and a mattress, and was denied access to the law library and showers for seven days"); *Fortune v. Hamberger*, 379 F. App'x 116, 122 (3d Cir. 2010) (per curiam) (noting, where inmate alleged he was denied showers and exercise for fifteen days, that "we agree with the District Court that Fortune has not set forth facts demonstrating that the alleged denial of adequate showers and exercise during his brief stay in the RHU was sufficiently serious to deprive him of the 'minimal civilized measure of life's necessities'").

The discipline itself and the denial of phone calls are also insufficient bases for an Eighth Amendment claim. *See McDowell v. Litz*, 419 F. App'x 149, 152 (3d Cir. 2011) (per curiam) (holding that 90-day suspension of telephone privileges and loss of institutional employment as a result of disciplinary sanction did not violate the Eighth Amendment); *Young v. Beard*, 227 F. App'x 138, 141 (3d Cir. 2007) (per curiam) ("We also reject Young's claim that placement in disciplinary confinement itself amounted to cruel and unusual punishment"). Accordingly, the Court will dismiss Sanchez's Eighth Amendment claims.

### D. Equal Protection Claim

Although unclear, Sanchez may be attempting to raise an equal protection claim based on his allegation that he was "being treated differently than others (prisoners) in the same status."

8

(Am. Compl. at 13.) "[T]o state a claim for 'class of one' equal protection, a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). Sanchez's allegation, which forms the sole basis for his equal protection claim, amounts to nothing more than a general, conclusory statement that is insufficient to sustain an equal protection claim. He has not alleged any facts regarding the allegedly similarly-situated prisoners, made clear how he was treated differently from those inmates without a rational basis, or alleged that he was the only inmate subjected to certain treatment. *See Carson v. Mulvihill*, 488 F. App'x 554, 563 (3d Cir. 2012) (finding equal protection claim not pled where plaintiff failed to "allege facts showing that he was similarly situated to the inmates who received wheelchair footrests, crutches and canes, or that there was no rational basis for his different treatment"); *Perano v. Twp. Of Tilden*, 423 F. App'x 234, 238–39 (3d Cir. 2011) ("Without more specific factual allegations as to the allegedly similarly situated parties, he has not made plausible the conclusion that those parties exist and that they are like him in all relevant aspects."); *Renchenski v. Williams*, 622 F.3d 315, 338 (3d Cir. 2010) ("He does not allege, for example, that he is the only inmate in SCI–CT who, though not charged or convicted of a sex offense, was nonetheless labeled a sex offender based on a history of abusive sexual behavior and recommended to sex offender therapy"). It is not even entirely clear what type of different treatment Sanchez alleges. Accordingly, the Amended Complaint does not state an equal protection claim.

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Sanchez's claims with the exception of his retaliation claim, upon which he may proceed on at this time. As Sanchez has already been

9

given an opportunity to amend and was still unable to state a claim, the Court concludes that further attempts at amendment would be futile at this time. An appropriate Order follows.

**BY THE COURT:**

/s/ C. Darnell Jones, II
C. DARNELL JONES, II   J.